## In re The MATTRESS FACTORY SLEEP SHOP, INC., Debtor.

## The MATTRESS FACTORY SLEEP SHOP, INC., Appellant,

### v.

## SIMMONS U.S.A., a corporation, Appellee.

### No. 82–2359.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Oct. 5, 1983.

Vogler & Smith, Vincent D. Vogler, Jr., William J. Prebil, St. Louis, Mo., for appellant.

Erbs & Erbs P.C. by Louis A. Vlasaty, St. Louis, Mo., for appellee.

---

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and DUMBAULD,* Senior District Judge.

DUMBAULD, Senior District Judge.

This is an appeal from the bankruptcy court which allowed appellee's claim as a secured claim, based upon a security agreement executed on August 4, 1980.

The security agreement reads as follows: "WHEREAS, the debtor is indebted to the secured party in the amount of $30,-191.71, and does hereby grant to the secured party a security interest in the following property and any and all additions and successions thereto:

All current and hereinafter acquired inventory of Mattress Factory Sleep Shops, Inc. to secure payment of indebtedness of $30,191.71 with all interest and costs that may accrue thereon as provided in the following promissory note of even date, original note attached.

The debtor expressly authorizes filing of Financing Statement of even date."

There is no question with respect to the existence of an antecedent debt upon open account due to appellee in the amount set forth in the security agreement.

The fact that the parties failed to agree upon the terms of a promissory note prescribing terms of payment and rate of interest to be paid does not detract from the fact that appellant owed appellee the amount of the unpaid debt.

Under the Uniform Commercial Code as enacted in Missouri, Vernon's Annotated Mo.Statutes § 400.9–105(1)(h) a "security agreement" means "an agreement which creates or provides for a security interest." Under § 400.9–201 "a security agreement is effective according to its terms…" It is provided in § 400.9–203(1)(b) that a security interest is enforceable only if "the debtor has signed a security agreement which contains a description of the collateral…."

The agreement in the case at bar clearly meets these requirements. It is signed by the debtor and it describes the collateral. And it contains words of grant which create a security interest. See *Shelton v. Erwin,* 472 F.2d 1118, 1120 (8th Cir.1973). The agreement clearly recites that it is intended to secure the pre-existing debt. And a pre-existing debt is expressly recognized by Missouri law [1] as "value" supporting a security agreement.[2]

The course of dealing between the parties shows that the belated contention that the security agreement was to secure only a non-executed promissory note is clearly an afterthought. When appellant's counsel Gerald J. Bamberger met with appellee's collection agent Richard Hartmann on December 23, 1980, the amount set forth in the agreement was reduced to reflect payments which had been made between August 4, 1980, when it had been prepared and October 24, 1980, when it was executed. Bamberger at no time indicated that he was flogging an unborn horse.

Bamberger also informed Hartmann that it would be proper for the security agreement and accompanying financing statement to be filed. No contention was asserted that the agreement was invalid or that filing should be delayed because the note had not been signed. Whether or not this course of dealing amounted to any species of "estoppel," it clearly indicated that a valid security agreement had been created

---

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. VAMS § 400.1–201(44)(b) provides that a person gives "value" for rights "if he acquires them … as security for … a pre-existing claim." It is thus unnecessary to retry the issues involved in *Swift v. Tyson,* 16 Pet. 1, 16, 10 L.Ed. 865 (1842).

2. VAMS § 400.9–204(1) provides that a security interest cannot attach until there is agreement that it attach "and until value is given" and the debtor has rights in the collateral. § 400.1–201(3) defines "agreement" as "the bargain of the parties in fact as found in their language or by implication from other circumstances including … course of performance…"

by the "bargain of the parties in fact" as found in their language or by implication from "other circumstances including ... course of performance" on behalf of appellant by Bamberger.

For the foregoing reasons the judgment appealed from is *

AFFIRMED.